**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**

| | |
|---|---|
| **VIRGIL E. BROWN INSURANCE**<br>2136 Noble Road<br>Cleveland, Ohio 44112<br><br>                            Plaintiff for himself and<br>                            on behalf of all Others<br>                            Similarly Situated<br><br>      v.<br><br>**CLUB IDL USA**<br>c/o Registered Agent<br>4470 W. Sunset Blvd., Suite 301<br>Los Angeles, CA 90027<br><br>                        Defendant. | Case No.<br><br><br>**<u>CLASS ACTION COMPLAINT FOR<br>DAMAGES</u>**<br><br>**<u>JURY DEMAND ENDORSED<br>HEREON</u>** |

Plaintiff Virgil E. Brown Insurance ("Plaintiff"), through Counsel, for himself and on behalf of all others similarly situated and for their Class Action complaint against Defendant Club IDL USA ("Defendant") states as follows:

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

1.     Plaintiff Virgil E. Brown Insurance is an unincorporated business located at 2136 Noble Road, Cleveland, Ohio 44112.  Plaintiff is an "individual", "consumer" and "recipient" as those terms are defined by federal and state law.

2.     Defendant Club IDL USA is a business which is not incorporated under the laws of the State of California nor upon belief any other state in the United States.  Defendant is not licensed nor registered with the Ohio Secretary of State.  Defendant's principal place of business

1

is located at 4470 W. Sunset Blvd., Suite 301, Los Angeles, CA 90027.  Upon belief Defendant

offers international driver's licenses.  Defendant is a "supplier" as that term is defined by state

statute and a "sender" as that term is defined by federal statute.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this

case alleges a violation of federal law, specifically the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.*

4.      This Court has supplemental jurisdiction to hear all state law claims pursuant to

28 U.S.C. § 1367.

5.      Venue in this District pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in Ohio

and all of the causes of action described herein occurred in this District.

<u>**FACTUAL ALLEGATIONS**</u>

6.      The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 5 as

if fully restated herein.

7.      On or about September 15, 2017 at 1:17 p.m. the Plaintiff received a facsimile to

his facsimile number, 216-xxx-2900 which is attached as Exhibit A.

8.      When one of the employees of the Plaintiff reviewed Exhibit A on the date that

the fax was received they were irritated as this was an unsolicited advertisement a servicer which

the Plaintiff did not contract nor ask for an invitation for this service.

9.      Exhibit A contains a (866) number that a person, such as Plaintiff, can contact for

business services.  *See Exhibit A.*

2

10.     Upon belief the (866) number is operated by the Defendant. (see http://clubidl.com/contacto_e.php).

11.     At the time the Plaintiff received Exhibit A, the Plaintiff had no prior relationship with Defendant.

## CLASS ALLEGATIONS

12.     Plaintiff restates and reincorporates by reference the previous paragraphs as if fully stated herein.  Plaintiff brings all claims as class claims pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

13.     The class consists of all Ohio businesses who received a facsimile transmission from the Defendant from January 1, 2017 to the present who had no prior business relationship with the Defendant at the time the fax was sent.

14.     At this time the Plaintiffs do not know the size of the Rule 23(b)(3) class because that information is exclusively in the possession of the Defendant but Plaintiffs believe that the potential class members are so numerous that joinder would be impracticable.  The number of class members can be determined through discovery.

15.     All members of the Rule 23(b)(3) class have been subject to and affected by a uniform course of conduct in that all class members received an unsolicited fax from the Defendant without prior consent.  These are questions of law and fact common to the proposed class that predominate over any individual questions.

16.     Plaintiff's claims are typical of the class.

17.     Plaintiff will adequately represent the interests of the class and does not have an adverse interest to the class.  If individual class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.  A class action is the superior method for the quick and efficient adjudication of this controversy.  Plaintiff's counsel has experience litigation consumer class actions.

18.     Based on the actions of the Defendant, the Plaintiff seeks recovery for the claims alleged, *infra*, summarized as follows:

| COUNT<br><br>STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
|---|---|
| **COUNT ONE**<br><br>47 U.S.C. § 227(b)(1)(C), *et seq.*<br><br>*TCPA* | Defendant's transmission of Exhibit A to the Plaintiff and all other potential class members for an unsolicited and non-consensual purpose violates 47 U.S.C. § 227(b)(1)(C) |

## COUNT ONE: VIOLATION OF 47 U.S.C. § 227, *et al.*

19.     Plaintiff restates all allegations contained in the foregoing paragraphs in their entirety, as if fully rewritten herein.

20.     47 U.S.C. § 227(b)(1)(C) states "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States...to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."

21.     At the time Exhibit A was sent to Plaintiff, Plaintiff was a "recipient".

4

22.     Exhibit A was sent to Plaintiff's telephone facsimile machine as the number (216) -xxx-2900 was the facsimile number of the Plaintiff when Exhibit A was sent and still is the facsimile number of the Plaintiff.

23.     Exhibit A was an unsolicited advertisement as none of the principals or employees of the Plaintiff contacted the Defendant at any time prior to the transmission of this fax for any reason, including any solicitation for a business relationship.

24.     At the time Exhibit A was sent the Defendant did not have Plaintiff's facsimile number by voluntary means.

25.     At the time Exhibit A was sent by the Defendant, the Defendant did not obtain Plaintiff's facsimile number from a directory, advertisement, or site on the internet that the Plaintiff, its principals or agents voluntarily agreed to have their number listed.

26.     Exhibit A was sent by the Defendant after July 9, 2005 at a time when the Defendant could not have had the facsimile number at that date.

27.     In addition to the violations of 47 U.S.C. § 227(b)(1)(C) listed above, Exhibit A also violates 47 U.S.C. § 227(b)(1)(C)(iii) as the "opt-out" language in Exhibit A fails to contain the required domestic contact telephone number, facsimile number for the Plaintiff to transmit an "opt-out" Notice to the sender as required by 47 U.S.C. § 227(b)(2)(D).

28.     As a result of the Defendant's violations of the TCPA, the Defendant is liable to the Plaintiff and the Class members to actual damages or statutory damages of $500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).  The Plaintiff and the Class Members also

5

request a permanent injunction for the Defendant to cease this activity pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Virgil E. Brown Insurance and all class members respectfully requests for the following relief against Defendant Club IDL USA:

A) For an award of actual damages against Defendant or $500.00 in statutory damages, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

B) For a declaratory judgment enjoining the Defendant from engaging in this activity pursuant to 47 U.S.C. § 227(b)(3)(A);

C) For all other relief this Court may deem just and proper.

Respectfully Submitted,

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Brian D Flick (0081605)
DANNLAW
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/ Marc E. Dann*
Marc E. Dann (0039425)

6

Brian D. Flick (0081605)
DANNLAW
*Attorneys for Plaintiff*

7